UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-20092-JLK

REEL DEAL YACHTS, INC.,

    Plaintiff,

vs.

LANNY SMITH, an individual, and
INDIAN SUMMER ENTERPRISES, LLC,
A Utah Limited Liability Company,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS**

THIS MATTER is before the Court upon Defendants' Motion to Dismiss (DE 4) (the "Motion"), filed January 10, 2022. The Court has also considered Plaintiff's Response (DE 6), filed January 24, 2022. Defendants have not filed a Reply and the time to do so has expired. Upon careful consideration of the pleadings and the record, the Motion is granted in part and denied in part for the reasons stated herein.

**I.     BACKGROUND**

On January 7, 2022, Defendants removed this matter to this Court, alleging diversity jurisdiction. *See* Not. of Removal, DE 1. The Complaint alleges breach of contract (Count I), procuring cause (Count II), and fraudulent transfer (Count III) against both Defendants. *See* Compl., DE 1-1.

Plaintiff, acting as a broker, represented TNG Media, LLC ("Buyer") in the sale of a vessel. *Id.* ¶ 6. Defendant Lanny Smith ("Mr. Smith") and Defendant Indian Summer Enterprises, LLC

("Indian Summer") both acted as the Seller of the subject vessel. *Id.* ¶¶ 7–8. Mr. Smith was the owner of Indian Summer. *Id.* ¶ 9. Indian Summer was a single purpose holding company, which held the subject vessel as its only asset. *Id.*

On February 26, 2021, Plaintiff on behalf of the Buyer, sent a Letter of Intent for Purchase of the vessel to the listing broker. *Id.* ¶ 10. That same day, Mr. Smith accepted the offer via email. *Id.* ¶ 10. On March 1, 2021, Mr. Smith executed an "Addendum to Vessel Letter of Intent" through his broker, Dan Wood. *Id.* ¶ 12. On March 2, 2021, Dan Wood and Plaintiff entered into a "Brokerage Commission Agreement" whereby they each agreed to receive $105,000.00 for the sale of the vessel. *Id.* ¶ 13.

On March 12, 2021, the Buyer and Seller executed a Purchase Sale Agreement, where Mr. Smith initialed the Agreement and indicated he was the Manager of Indian Summer. *Id.* ¶ 15. Plaintiff alleges that the Buyer unconditionally accepted the vessel, fully performed its obligations, and was willing to close the transaction. *Id.* ¶ 21. According to the Complaint, after Buyer's acceptance and without any contractual basis, Seller then demanded additional documents and information from Buyer, and Seller refused to close the transaction without the additional documents. *Id.* ¶¶ 19–22. The Complaint alleges that the closing was not consummated due to the Seller's nonperformance. *Id.* ¶ 23. Plaintiff alleges that Seller failed to pay Plaintiff's commission pursuant to the Agreement which requires that "[on] Seller's default, Seller shall forthwith pay the Brokers the same commission otherwise payable had the transaction closed." *Id.* ¶ 24.

After the debt to Plaintiff became due, Seller sold the only asset of Indian Summer, the vessel, and transferred funds away from the company and to Mr. Smith, making the commission debt impossible to collect from Indian Summer. *Id.* ¶ 41.

Plaintiff brings this lawsuit to recover the $105,000.00 brokerage fee. Defendants now move the Court to dismiss Count II, Count III, and Mr. Smith as a Defendant under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court must accept the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.     DISCUSSION

Defendants seek to dismiss Count II (procuring cause) and Count III (fraudulent transfer) for failure to state a claim. Defendants also seek to dismiss Lanny Smith as a Defendant.

### A.  Count II (Procuring Cause)

Defendants argue that Count II should be dismissed because any commission owed to Plaintiff would be based on the contract, not the procuring cause doctrine, which requires a completed sale. Mot. at 5. In its Response, Plaintiff argues that the procuring cause claim and the breach of contract claim are plead in the alternative. Resp. at 3–4. Plaintiff contends that the right to commission vested upon acceptance of the offer. Resp. at 4.

In order to be the procuring cause of the sale of property, the parties must have been brought together and the sale consummated as a result of continuous negotiations conducted by the broker. *See Allenby & Associates, Inc., v. Crown St. Vincent Ltd.*, 8 So. 3d 1211, 1212 (Fla. Dist. Ct. App. 2009). The Complaint alleges that the sale was not consummated. *See* Compl. ¶ 23 ("The closing was not consummated due to Seller's nonperformance."). As such, the elements of a procuring cause claim are not met.

Additionally, the procuring cause doctrine is inapplicable when a plaintiff seeks payment of commission based on an express agreement between the parties. *Merle Wood & Assocs. Inc. v. Trinity Yachts, LLC*, 10–cv-61997, 2011 WL 845825 at *2 (S.D. Fla. Mar. 7, 2011) citing *Siegel v. Landquest, Inc.*, 761 So. 2d 415, 416–17 (Fla. Dist. Ct. App. 2000). Here Plaintiff is seeking payment of a commission based on a contract, as illustrated in Count I for Breach of Contract. *See e.g.* Compl. ¶ 31 ("The Defendant has breached the terms of the Agreement by failing to timely pay the amounts due for commission as laid out by the Agreement."). Therefore, the Complaint fails to state a claim for procuring cause and Count II is dismissed.

### B. Count III (Fraudulent Transfer)

Defendants argue Count III should be dismissed for three separate reasons. First, because a fraudulent transfer claim requires the transfer to occur within four years prior to a liquidation proceeding. Mot. at 6, citing *In re Old Naples Sec., Inc.*, 343 B.R. 310 (Bankr. M.D. Fla. 2006). Second, Defendants argue the Complaint fails to plead fraud with particularity under Fed R. Civ. P. 9(b) and Fla. R. Civ. P. 1.120(b). Mot. at 7. And third, it is barred by Florida's Independent Tort Doctrine because the tort claim for fraudulent transfer is not independent from the breach of contract claim; it seeks the exact same damages. Mot. at 8–9.

In Response, Plaintiff argues a liquidation proceeding is not a required element of fraudulent transfer under Florida Statutes. Resp. at 5. Plaintiff further argues there are sufficient factual allegations to meet the pleading requirements for a fraudulent transfer claim, and that the heightened pleading requirements for fraud do not apply to fraudulent transfers. Resp. at 6. And lastly, the Florida Independent Tort Doctrine should not apply because fraudulent transfer is not a tort. Resp at 6–7, citing *Beta Real Corp. etc. v. Lawrence Graham*, 839 So. 2d 890 (Fla. Dist. Ct. App. 2003).

The Court addresses Defendants' three theories in turn. First, to establish a fraudulent conveyance under Florida law, the creditor must demonstrate that there was a creditor to be defrauded, a debtor intending fraud, and a conveyance of property that could have been applicable to the payment of the debt due. *GO Traders, S.A. v. Intertex Miami, LLC*, 18-cv-21372, 2018 WL 7287151 at *3 (S.D. Fla. Oct. 24, 2018). Contrary to Defendants' assertion, there is no requirement for a liquidation proceeding.

Second, as Plaintiff points out, the heightened pleading requirements for fraud do not apply to claims for fraudulent transfer. "[C]ase law is clear that claims for FUFTA are not subject to Rule 9(b)'s heightened pleading standard." *See Chase Bank USA, N.A. v. Jacucci*, No. 19-cv-62318, 2020 U.S. Dist. LEXIS 223739, at *7 (S.D. Fla. June 5, 2020).

Third, Count III is not barred by the independent tort doctrine. The fraudulent transfer claim, unlike the breach of contract claim, requires the plaintiff to prove facts relating to the transfer of property (the vessel) and other assets from Indian Summer to Mr. Smith. These facts are "separate and distinct" from the breach of contract, and thus not barred by the independent tort doctrine. *See Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1031 (11th Cir. 2017).

### C. All Claims Against Defendant Smith

Defendants seek to dismiss Counts I, II, and III against individual Defendant Smith. Defendants argue that Plaintiff does not plead sufficient factual basis to pierce the corporate veil and hold Mr. Smith liable. Mot. at 9. In Response, Plaintiff argues the Complaint does plead sufficient factual basis. Specifically, the Complaint alleges that Mr. Smith executed documents without mention of Indian Summer, Mr. Smith used Indian Summer for an improper purpose and to evade personal liability to Plaintiff, and Plaintiff suffered a substantial financial loss (the brokerage commission fee) by Defendants' misconduct. Resp. at 7–8.

Under Florida law, to pierce the corporate veil, a plaintiff must prove (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. *Molinos Valle Del Cibao, C. por A. V. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011).

Defendants argue "Plaintiff has failed to allege the three elements listed above to provide the legal basis for piercing the corporate veil . . . ." Mot. at 9. It would have been improper for Plaintiff to merely allege the three elements, because "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, Plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Upon review of the Complaint, Plaintiff does just that.

The Complaint alleges Mr. Smith was the sole owner of Indian Summer and the subject vessel was the only asset of Indian Summer. Compl. ¶ 9. During negotiations, Mr. Smith executed

6

multiple documents without any references to Indian Summer. *Id.* ¶¶ 11, 14, 16. When executing the Purchase and Sale Agreement, Mr. Smith indicated he was the Manager of Indian Summer. *Id.* ¶ 15. Shortly after the debt became due to Plaintiff, Defendants sold the subject vessel and transferred any funds away from Indian Summer to Mr. Smith, making it impossible to collect the commission fee from Indian Summer. *Id.* ¶ 41. The Court finds that these allegations related to Count III, taken as true, states a sufficient factual basis to survive the Motion to Dismiss stage and allow this case to proceed to discovery.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that

1. Defendants' Motion to Dismiss **(DE 4)** be, and the same is, hereby **GRANTED IN PART and DENIED IN PART**;

2. Defendant's Motion with respect to Count II be, and the same is, hereby **GRANTED**;

3. Count II of Plaintiff's Complaint is **DISMISSED**;

4. Defendant's Motion with respect to Count III and Mr. Smith be, and the same is, hereby **DENIED**; and

5. Defendants **SHALL FILE AN ANSWER**, with respect to Counts I and III, **within twenty (20) days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida dated this 25th day of February, 2022.

_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:     **All Counsel of Record**
        **Magistrate Judge Jacqueline Becerra**